IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Trademark Rightsholder Identified in Exhibit 1, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:24-cv-00207 |
| v. | )<br>) Hon. Nancy L. Maldonado |
| The Partnerships and Unincorporated Associations Identified on Schedule "A", | )<br>)<br>) |
| Defendants | ) |

**Supplement Memorandum in Support of Joinder**

**NOW COMES** Trademark Rightsholder Identified in Exhibit 1 ("Plaintiff"), by and through his undersigned counsel, and in furtherance of joining certain defendants states as follows:

**I.   Joinder is proper in the present case.**

In the present case, Plaintiff recently filed an Amended Schedule A (Dkt. 21) that satisfies the standard for joinder, in accordance with the Court's opinion in *Estee Lauder* and *Art Ask Agency. Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020); *Art Ask Agency v. Individuals, et al.*, 2021 WL 5493226 (N.D. Ill. Nov. 23, 2021). The conclusions in these cases was that Rule 20's requirement is not satisfied by merely alleging that defendants have infringed the same patent or trademark or sell similar products, since, "[u]nless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.* at 187, *citing*, *In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). However, here, Defendants are not merely selling similar products that infringe the same trademark, rather

1

the evidence clearly shows that they are selling identical products that are almost certainly from the same source.

In *Estee Lauder*, this Court found that joinder was improper where not all of the Defendants use the same product images and product descriptions." Id. at 188. However, the Court acknowledged reliance on "unique images, unique word and sentence construction, or the same misspellings or grammar mistakes to infer that the subset of online retailers using those same images or those same descriptions are connected to one another" in the past to establish joinder. Id. Following *Estee Lauder*, this Court has allowed joining of Defendants with similar infringing evidence such as using similar titles, prices, product images, and/or product descriptions. *See*, *Khara Inc. et al v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 23-cv-01230, Dkt. 24 (N.D. Ill. Mar. 15, 2024) (finding joinder was proper in part because defendants used identical infringing images and product titles); *Huang v. Partnerships and unincorporated Associations Identified in Schedule A*, No. 22-cv-809, Dkt. 26 (N.D. Ill. Sept. 21, 2022) ("If certain Defendants use the exact same unique photo (such as one of the photos at R. 18, para. 23), then those Defendants same photo may be joined."); *Hong Kong Xingtai International Trade Co. LTD. v. The Individuals et al.*, No. 23-cv-15481 Dkts. 19, 24 (N.D. Ill. Jan. 24, 2024) (finding that joinder was proper where defendants sold identical products at nearly the same price using the same promotional photographs). Similarly, here, the evidence shows that there are numerous characteristics between Defendants' e-commerce stores that suggest common ownership and that Defendants are sufficiently connected to one another such that they should be joined in this case. For example, the title of all of Defendants' product listings beings with either "Fashion Punk French Bulldog Keychain Leather Dog Keychains" or "Fashion French Punk Bulldog Keychain Leather Dog Keychains"

and ends with unique suffixes of a couple letters. Dkt. 22. The inclusion of "Punk" and the suffixes at the end of the listings is unique to this set of Defendants, and these similarities cannot be said to be merely coincidental. Moreover, every Defendant includes one of two product descriptions which contains the exact same wording and formatting, which further indicates that Defendants are interrelated. *Id.* Furthermore, each Defendant includes identical or virtually identical promotional product photos which further proves that the products are identically sourced and that Defendants should be joined. *Id.* Given the evidence, not only is joinder pursuant to the Court's opinion in *Estee Lauder* and *Art Ask Agency* proper, but it is probable that Defendants are actually a single Defendant with multiple seller aliases, thus Defendants should be joined in this case.

## II. Joinder of Defendants is consistent with fairness, convenience, and judicial economy.

Joinder at this stage serves the important interest of convenience and judicial economy leading to a just, speedy, and inexpensive resolution for Plaintiff, Defendants, and this Court. The resources of this Court and other Courts in this District will be substantially taxed if Plaintiff's claims against Defendants are severed into separate lawsuits.

This case is not *Estee Lauder*, nor does this case impose the same inconveniences on this Court. In *Estee Lauder*, the Court focused on a lack of efficiency stating, the exhibits proffered to show the infringement on the online retailers' sites and to show the online orders made by Plaintiffs' investigators consume 1,355 pages," *Estee Lauder*, 334 F.R.D. at 186. Conversely, the evidence for Defendants in the present case is only roughly 10 percent as long as that in *Estee Lauder*, has already been isolated, and provides the Court with a more efficient means that greatly reduces the time needed by this Court to evaluate the merits of Plaintiff's claims.

Moreover, as Judge Durkin recognized in *Bose Corp.*, cases like the present are one of the few effective mechanisms for stopping and deterring swarms of infringers. Judge Durkin found that "[r]equiring the filing of separate complaints could flood the courts with thousands of additional single defendant Lanham Act cases, with no difference in resolution of nearly every case in a practical sense. The only thing that will inevitably occur is the slowdown of adjudications of other lawsuits, or the decrease of filings of cases which on their face have alleged plausible violations of the Lanham Act." *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511 at 517, n.6.

### III. Conclusion

Joinder is proper in this case. The unique nature of Plaintiff's claims and Defendants' infringing behavior on ecommerce platforms necessitate joinder in this matter. If this Court is to provide any meaningful avenue of relief for intellectual property owners - in this case and in future matters - then it must provide said owners a practical means to enforce their rights. Indeed, cases like this one have proven effective at substantially reducing online counterfeiting and infringement and this Court should allow joinder of the Schedule A Defendants. *See, e.g.*, *Luxottica Group USA LLC v. The Partnerships et al.*, 2015 WL 3818622, at *5 (N.D. Ill. June 18, 2015); *Entertainment One*, 384 F. Supp. 3d at 947. Plaintiff respectfully requests this Court find joinder of the defendants in the Amended Schedule A proper under to Fed. R. Civ. P. 20.

Dated: June 5, 2024

Respectfully submitted,

/s/Ilya Zlatkin
ZLATKIN CANN ENTERTAINMENT
4245 N. Knox Ave.
Chicago, IL 60641
ilya@zce.law
Ph. (312) 809-8022

Fax (312) 809-6918
*Counsel for Plaintiff*