UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Trademark Owner Identified in Exhibit 1

                    Plaintiff,

v.

Case No.: 1:24−cv−00207

Honorable Nancy L. Maldonado

The Partnerships and Unincorporated Associations Identified on Schedule "A"

                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, June 24, 2024:

    MINUTE entry before the Honorable Nancy L. Maldonado: The Court has reviewed Defendants' Amended Schedule A [21], accompanying screenshot evidence [22], and second memorandum in support of joinder [23]. The Court finds that there are sufficient facts in the record to support joinder of the 21 named defendants in the Amended Schedule A at this time. The record reflects the Defendants each sell identical products with identical or nearly identical descriptions, similar photos, at similar prices, and all on the same single commerce platform. Plaintiff's motion for temporary restraining order ("TRO") and expedited discovery [10] and motion for electronic service of process [14] are granted. Plaintiff's filings support proceeding (for the time being) on an ex parte basis. Specifically, were Defendant to be informed of this proceeding before a TRO could issue, it is likely assets and websites would be redirected, thus defeating Plaintiff's interests in identifying the individuals and entities operating Defendant, stopping Defendant's infringing conduct, and obtaining an accounting. In addition, the evidence submitted by Plaintiffs shows a substantial likelihood of success on the merits (including evidence of active infringement), the harm to Plaintiff is irreparable, and an injunction is in the public interest. Electronic service of process does not violate any treaty and is consistent with due process because it effectively communicates the pendency of this action to Defendant. See, e.g., Oakley, Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A", No. 20−CV−05049, 2021 WL 2894166, at *5 (N.D. Ill. July 9, 2021) (finding electronic service proper in similar circumstances). Expedited discovery is warranted to identify Defendant and to implement the asset freeze. Plaintiff shall deposit with the Court a $21,000 bond as security. Plaintiff should send the Court an updated proposed TRO referencing Plaintiff's Amended Schedule A. Plaintiff's motion to file exhibits under seal and to proceed under a pseudonym [15] is granted in part and denied in part. Plaintiff may file exhibits under seal. The Court, however, finds that Plaintiff has not sufficiently demonstrated that are "exceptional circumstances to justify such a departure from the normal method of proceeding in federal courts." Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997) (citation omitted); see also Doe v. Cook County, Illinois, 542 F. Supp. 3d 779 (N.D. Ill. 2021) ("The presumption of openness in

judicial proceedings is not easily overcome. Only in the most compelling circumstances should a court permit a party to hide their identity."). Lastly, Plaintiff's motion for hearing on pending motions [17] is denied as moot. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.