**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| Jun Fang, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:24-cv-00207 |
| v. ) | |
| ) | Dist. Judge Elaine E. Bucklo |
| The Partnerships and Unincorporated ) | |
| Associations Identified on Schedule "A", ) | |
| ) | |
| Defendants. ) | |

**Memorandum in Support of Plaintiff's Motion for Entry of a Preliminary Injunction**

Plaintiff Jun Fang submits this Memorandum of Law in support of Plaintiff's Motion for Entry of a Preliminary Injunction.

**Memorandum of Law**

**I. Introduction**

Plaintiff Jun Fang ("Plaintiff") has brought the present action against the defendants in Schedule A of the Amended Complaint (collectively, "Defendants") under Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114, 1125(a)) and the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq*.). As Plaintiff alleges in Plaintiff's Complaint, the Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling unauthorized, and unlicensed products, including key chain products ("Counterfeit Products"), using spurious versions of Plaintiff's federally registered trademark ("Plaintiff's Mark") through various fully interactive, commercial eCommerce stores operating under at least the accounts listed in Schedule A to the Complaint ("Defendant Online Stores").

**II. Statement of Facts**

On July 2, 2024, this Court granted Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order ("TRO") with respect to all Defendants. [Dkt. 29]. The TRO authorized Plaintiff

to provide to the Defendants notice of these proceedings and the preliminary injunction hearing to the Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and sending an email to the email addresses provided by third parties (e.g., eBay) that included a link to said website. [Dkt. 29, at ¶ 6]. Pursuant to the TRO and since the TRO was entered, Plaintiff is currently in communications with eBay to effect the same. *See*, Declaration of Ilya G. Zlatkin, at ¶ 2. On July 23, 2024, the Court extended the TRO through July 30, 2024. [Dkt. 35].

Plaintiff respectfully requests this Court to convert the TRO to a preliminary injunction against the Defendants so that the Defendants remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this litigation. As part of the preliminary injunction, Plaintiff requests that the Defendants' eBay and other accounts, where applicable, remain restrained until completion of these proceedings.

### III. Argument

**a. A preliminary injunction extending relief already granted in the TRO is appropriate.**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by the Defendants. Courts addressing similar allegations of eCommerce infringement have also issued preliminary injunctions following a temporary restraining order. *See, e.g.*, Deckers Outdoor Corp. v. The P'ships and Unincorporated Assocs. Identified on Schedule "A", No. 15-cv-3249 Dkt. 32 (N.D. Ill. May 6, 2015); Oakley, Inc. v. Does 1-100, No. 12-cv-9864 Dkt. 23 (N.D. Ill. Dec. 27, 2012); Mon Cheri Bridals, LLC v Does 1-464, No. 19-cv-02362 Dkt. 31 (N.D. Ill. May 21, 2019).

### i. This Court has already found that the requirements for entry of a preliminary injunction have been satisfied.

In the Seventh Circuit, the standard for granting a preliminary injunction is identical to the standard for entering a TRO, and in this case the requirements for entry of a preliminary injunction have been satisfied. *See, e.g.*, Charter Nat'l Bank & Trust v. Charter One Fin., Inc., No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citation omitted). Generally, a party seeking to obtain a preliminary injunction or must demonstrate: (i) that such party's case has some likelihood of success on the merits; (ii) that no adequate remedy at law exists; and (iii) that such party will suffer irreparable harm if the injunction is not granted. Ty, Inc. v. The Jones Group, Inc., 237 F.3d 891, 895 (7th Cir. 2001); Columbia Pictures Indus., Inc. v. Jasso, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996); *see*, Coach, Inc. v. The P'ships & Unincorporated Assocs. Identified on Schedule "A", No. 13 C 6618, 2013 WL 5477573, at *1 (N.D. Ill. Oct. 1, 2013) (granting preliminary injunction against foreign online resellers after entry of TRO). Because this Court has already entered the TRO, this Court has already found the requirements for entry of the preliminary injunction have been met.

### ii. The equitable relief sought, including asset restraint, remains appropriate.

The Lanham Act authorizes this Court to enter injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent violation of any right of the registrant of a mark." 15 U.S.C. § 1116(a). Accordingly, Plaintiff requests conversion of the TRO into a preliminary injunction so that the Defendants' infringing activities remain stymied and their account in U.S.-associated financial institutions remains retrained and frozen. Since the TRO's entry, Plaintiff has contacted eBay to provide information including the identity of payment accounts linked to the Defendant Online Stores which were offering for sale and/or selling

Counterfeit Products. In the absence of a preliminary injunction, the Defendants will be motivated to and may move assets from their U.S.-associated payment accounts, including PayPal account, to an offshore account or otherwise transferred beyond recovery. Therefore, the Defendants' assets should remain restrained and frozen for the remainder of these proceedings.

The Complaint sets forth the amount of damages to which Plaintiff is entitled, including statutory remedies under 15 U.S.C. § 1117(c), far exceeding any amount contained in any the Defendant's restrained account(s). As such, an order continuing to freeze the Defendants' assets should be entered. *See, e.g.*, Lorillard Tobacco Co. v. Montrose Wholesale Candies, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005) (acknowledging Court's authority to freeze assets where the plaintiff sought disgorgement of defendant's profits under the Lanham Act); CSC Holdings, Inc. v. Redisi, 309 F.3d 988 (7th Cir. 2002) ("since the assets in question…were the profits of the [defendants] made by unlawfully stealing [the plaintiffs'] services, the freeze was appropriate and may remain in place pending final disposition of this case."); Reebok Int'l Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 559 (9th Cir. 1992) ("[B]ecause the Lanham Act authorizes the district court to grant [plaintiff] an accounting of [defendant's] profits as a form of final equitable relief, the district court had the inherent power to freeze [defendant's] assets in order to ensure the availability of that final relief."); Monster Energy Co. v. Wensheng, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015) (denying motion to dissolve preliminary injunction in light of Lanham Act and Copyright Act claims and maintaining injunction bond at $10,000).

IV. **Conclusion**

In light of the foregoing and this Court's previous entry of the TRO, Plaintiff respectfully requests this Court to enter the preliminary injunction against the Defendants under the terms which were employed in the TRO. Coach, Inc., 2013 WL 5477573, at *4.

Dated: July 25, 2024

    Respectfully submitted,

    <u>/s/ Ilya G. Zlatkin</u>
    Ilya G. Zlatkin
    Zlatkin Cann Entertainment
    4245 North Knox Avenue
    Chicago, Illinois 60641
    (312) 809-8022
    ilya@zce.law

    *Counsel for Plaintiff*

**Certificate of Service**

    I hereby certify that on the July 25, 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to e-mail addresses provided as of the date hereof for Defendants by third parties that includes a link to said website.

/s/ Ilya G. Zlatkin
Ilya G. Zlatkin
Zlatkin Cann Entertainment
4245 North Knox Avenue
Chicago, Illinois 60641
(312) 809-8022
ilya@zce.law

*Counsel for Plaintiff*